# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KENNETH W. KELLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-09-S-1847-NE** |
| ) | |
| **RAYMOND J. SMITH, IOWA** ) | |
| **STATE UNIVERSITY, and THE** ) | |
| **STATE OF IOWA,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff, Kenneth W. Kelley, originally filed this case in the Circuit Court of Madison County, Alabama, against defendants Raymond J. Smith, Iowa State University, and the State of Iowa. Kelley asserts claims for negligence; wantonness; combining and concurring negligence and wantonness; negligent entrustment, hiring, and supervision; and wanton entrustment, hiring, and supervision, all of which arose out of a collision between a motorcycle driven by plaintiff and a motor vehicle operated defendant Raymond J. Smith, allegedly in the line and scope of his employment with defendants Iowa State University and the State of Iowa. The incident that is the basis of plaintiff's claims allegedly occurred in Madison County, Alabama, on or about October 10, 2008.[1]

---

[1] *See* Complaint, appended to doc. no. 1 (Notice of Removal).

Defendants Iowa Sate University and the State of Iowa removed the case to this court on September 17, 2009.[2] They asserted federal subject matter jurisdiction based upon satisfaction of the requirements of the diversity statute, 28 U.S.C. § 1332(a)(1). On the same day the case was removed, defendants Iowa State University and the State of Iowa also filed a motion to dismiss all of plaintiff's claims against them due to lack of subject matter jurisdiction.[3] More specifically, those defendants argue that the Eleventh Amendment to the United States Constitution precludes suit against them in federal court, and that the only available limited waiver of the state's sovereign immunity requires that any lawsuit against the State of Iowa or its instrumentalities be brought in the District Court of Polk County, Iowa.

Confused by the apparent inconsistency between the Notice of Removal, which stated that federal subject matter jurisdiction was present, and the motion to dismiss, which argued that federal jurisdiction was *not* present, the court entered an order on October 13, 2009, directing defendants to answer the following questions:

  1.  How could federal jurisdiction have been present when the Notice of Removal was filed, but not present when the motion to dismiss was filed *later that same day*?

  2.  Should the motion to dismiss have been brought under Federal Rule of Civil Procedure 12(b)(6), for failure to

---

[2]Doc. no. 1 (Notice of Removal). Defendant Raymond J. Smith has not yet made an appearance in this action.

[3]Doc. no. 2.

>state a claim upon which relief can be granted, rather than Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction?[4]

Defendants filed a response in compliance with the court's order, arguing that they did have the right to *both* remove the case to federal court *and* move to dismiss the case on the same day.[5] Plaintiff also filed an opposition to defendants' Notice of Removal, as well as a motion to remand the case to state court.[6] Plaintiff asserts that there is not complete diversity of citizenship, and that the Eleventh Amendment deprives this court of jurisdiction over plaintiff's claims.

This opinion addresses defendants' motion to dismiss and plaintiff's motion to remand. The central issue to both of these motions is whether this court possesses subject matter jurisdiction to hear plaintiff's claims.

## I. STANDARD OF REVIEW

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30

---

[4]Doc. no. 3, at 2.
[5]Doc. no. 5.
[6]Doc. no. 4.

F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).  In light of these principles, the Eleventh Circuit favors remand when removal jurisdiction is not absolutely clear.  In essence, "[r]emoval statutes are to be strictly construed, with all doubts resolved in favor of remand."  *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388,1389 (M.D. Ala. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

A motion to dismiss a case for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).[7]  When ruling upon a Rule 12(b)(1) motion asserting a lack of jurisdiction on the face of the plaintiff's complaint, as with a Rule 12(b)(6) motion,[8] the court must consider the allegations of the complaint as true.  *See Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981) (citations omitted).[9]

---

[7]Rule 12(b)(1) provides that "a party may assert the following defenses by motion:  (1) lack of subject-matter jurisdiction. . . ."  Fed. R. Civ. P. 12(b)(1).

[8]Rule 12(b)(6) provides that "a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

[9]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to

## II. DISCUSSION

Before delving into the thornier issues of whether the Eleventh Amendment prevented the exercise of federal jurisdiction when this case was filed, or (as defendants frame the issue) whether defendants waived their right to assert the Eleventh Amendment by removing this case to federal court, the court will first address plaintiff's argument that the parties are not of completely diverse citizenship. Because defendants' initial assertion of federal jurisdiction was based upon the diversity statute, the lack of complete diversity would preclude federal jurisdiction, regardless of the effect of the Eleventh Amendment on this court's jurisdiction.

The diversity statute provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
>> (1) citizens of different States;
>>
>> (2) citizens of a State and citizens or subjects of a foreign state;
>>
>> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>>
>> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).  Furthermore, "[w]hen jurisdiction is predicated on diversity of

---

October 1, 1981.

citizenship, all plaintiffs must be diverse from all defendants." *University of South Alabama,* 168 F.3d at 412 (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

In the Notice of Removal, defendants relied upon subsection (a)(1) of § 1332, asserting that diversity of citizenship was present because the case is "between citizens of different States." 28 U.S.C. § 1332(a)(1). As plaintiffs point out, however, the State of Iowa is not a "citizen" of *any* state for purposes of diversity jurisdiction. *See University of South Alabama,* 168 F.3d at 412 ("[I]t is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332.") (citing *Moor v. Alameda County,* 411 U.S. 693, 717 (1973) (in turn citing *Postal Tele. Cable Co. v. Alabama,* 155 U.S. 482, 487 (1894))).

Defendants have no choice but to concede this general proposition.[10] Even so, defendants insist that "the mere presence of the State of Iowa and ISU does not, by itself, divest this Court of diversity of jurisdiction."[11] To support their argument, defendants rely solely upon a line of cases which hold that the citizenship of nominal parties is to be disregarded when determining diversity of citizenship. *See, e.g., Navarro Savings Association v. Lee,* 446 U.S. 458, 461 (1980) ("[A] federal court

---

[10]*See* doc. no. 7 (defendants' opposition to plaintiff's motion to remand), at 2 ("Defendants concede that states and their instrumentalities are not 'citizens' for the purpose of establishing diversity jurisdiction.").

[11]*Id.*

must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (citations omitted); *Wynn ex. rel. Alabama v. Philip Morris, Inc.,* 51 F. Supp. 2d 1232, 1250 (N.D. Ala. 1999) ("The mere presence of the State of Alabama on the pleadings as a plaintiff, however, is alone not sufficient to divest this court of diversity of jurisdiction, if the State is listed merely as a nominal plaintiff.") (citing *Navarro*, 446 U.S. at 460). Defendants argue that, because the Eleventh Amendment precludes suit against them, they are not the "real parties in interest" in this litigation, and their citizenship should be disregarded when determining diversity. Effectively, defendants are asking the court to make a substantive determination about the application of Eleventh Amendment immunity, to dismiss the claims against them due to that immunity, and to conclude that there is diversity of citizenship between plaintiff and Raymond J. Smith, the only defendant who would remain. None of the cases cited by defendants supports the proposition that a party's assertion of a jurisdictional bar to suit makes that party merely "nominal" or "formal" for purposes of determining diversity of citizenship. The cases relied upon by defendants involved claims asserted by, or against, parties with only an *indirect* interest in the litigation. For example, *Navarro* addressed the citizenship of members of an unincorporated association. *See Navarro,* 446 U.S. at 460-61.

*Wynn* addressed the plaintiff's application for a writ of *quo warranto*[12] as a relator[13] for the State of Alabama. *Wynn,* 51 F. Supp. 2d at 1235. In contrast, in the present case, the State of Iowa has a very direct interest in the outcome of the litigation. The State was explicitly named as a defendant to plaintiff's claims, and it likely also would be required to satisfy any recovery against Smith, the individual defendant, who allegedly was acting within the line and scope of his employment for the State of Iowa and Iowa State University when the accident occurred. In fact, the State of Iowa has demonstrated its direct interest in the outcome of this litigation by arguing for dismissal of plaintiff's claims or for a transfer of venue.

---

[12]The plaintiff in *Wynn* sought the revocation of the defendants' corporate charters due to the defendants' violations of Alabama statutes and commission of common law torts. *Wynn,* 51 F. Supp. 2d at 1235. Wynn brought suit pursuant to Alabama's *quo warranto* provision, which provides that "[a]n action may be commenced . . ., in the name of the state, against the offending corporation, on the information of any person for the purpose of vacating the charter or annulling the existence of any corporation . . .," where the corporation performs one of a number of offending acts. Ala. Code § 6-6-590(a) (1975).

[13]As the *Wynn* court stated in a footnote,

> Black's Law Dictionary (6th ed.1990) defines a suit brought *ex relatione* as a "legal proceeding[ ] which [is] instituted by the attorney general (or other proper person) in the name and behalf of the state, but on the information and that the instigation of an individual who has a private interest in the matter . . . ." The "relator" is the individual who brings the action on behalf of the state. Thus, the instant case is mis-styled, as the action is brought by the State of Alabama, *ex relatione*, that is, upon the information or relation of, Wynn. *Cf. State ex rel. Baker v. Evans*, 683 So.2d 421 (Ala.1996); *Carr v. State ex rel. Goggans*, 720 So.2d 197 (Ala.1996); and *Dunlap v. State ex rel. Durrett*, 622 So.2d 1305 (Ala.1993).

*Wynn,* 51 F. Supp. 2d at 1235 n. 3 (bracketed alterations in original).

In summary, the court concludes that the State of Iowa is a real party in interest in this litigation, and the State is not a "citizen" of any state for purposes of determining diversity of citizenship. Accordingly, this suit is not between "citizens of different States" pursuant to 28 U.S.C. § 1332(a)(1), and the requirements for asserting federal jurisdiction based on diversity of citizenship have not been satisfied.

### III. CONCLUSION

In accordance with the foregoing, plaintiff's motion for remand is due to be granted. An appropriate order will be entered contemporaneously herewith. Further, because the court lacks subject matter jurisdiction over plaintiff's claims, it need not — and, indeed, *cannot* — proceed any further to address defendants' arguments, including the arguments for dismissal of this case due to either Eleventh Amendment immunity or the fact that it appears that plaintiffs' counsel commenced the action in the improper forum.

DONE this 9th day of November, 2009.

_____
United States District Judge